## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANGEL SANTIAGO | : | Civil Action No. 15-7154 (MAH) |
| | : | |
| Plaintiff, | : | OPINION |
| | : | |
| v. | : | |
| | : | |
| ID&T, et al., | : | |
| | : | |
| Defendants. | : | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on the motion of Defendant Bethel Woods Center for the Arts ("Bethel") to dismiss for lack of personal jurisdiction and improper venue, pursuant to Fed. R. Civ. P. 12(b)(2) and (3).  In the alternative, Defendant proposes to transfer this matter to the United States District Court for the Southern District of New York.  For the reasons herein, the Court finds that this Court lacks personal jurisdiction over Defendant Bethel.  However, the Court finds that the United States District Court for the Southern District of New York has jurisdiction and therefore will transfer this matter.

### I.    BACKGROUND

#### A.  Facts

Plaintiff brings negligence claims against Defendants arising from an alleged slip-and-fall accident at a music event in Bethel, New York.  *See Compl.*, Sept. 29, 2015, ¶¶ 11, 12-16, D.E. 1.  Plaintiff Angel Santiago ("Plaintiff") is a citizen of the State of New Jersey.  *Id.* ¶ 2. Defendant Bethel is a nonprofit entity that rents its property located in Bethel, New York, as

event space.  *Id.* ¶ 4.  Bethel's principal place of business also is located in Bethel, New York.

Certification of Eric Frances, June 23, 2016, D.E. 25-4 ("Frances Cert."), ¶ 6.  Bethel claims it

neither owns real property in New Jersey, nor maintains any office, bank accounts, telephone

numbers, post office box, or registered agent for service of process in New Jersey.  *Id.* ¶¶ 7-12.

Co-Defendant ID&T/SFX Mysteryland LLC ("Mysteryland") is a Delaware Limited

Liability Company that "organiz[es], promot[es], arrang[es], conduct[s], host[s], and licens[es]

music events."  It leased Bethel's property (the "site") to host the Mysteryland Music Festival

(the "Festival").  Frances Cert., ¶¶ 3, 14, D.E. 31.  Bethel's subsidiary, The Bethel Performing

Arts Center, LLC ("BPAC"), signed a Venue License Agreement (the "Agreement") in order for

Mysteryland to use the Bethel Woods Center of the Arts campus (the "Facility").  *Id.*  Under the

terms of the Agreement, Mysteryland was obligated to "maintain, repair, and clean the Facility,"

and was solely responsible for ticket sales.  Frances Cert., ¶¶ 16-17.

Plaintiff purchased a ticket online through Ticketmaster and attended the Festival at the

site in Bethel, New York.  *Compl.*, ¶¶ 7-8.  Plaintiff alleges that as he was leaving the Festival,

he fell while walking in a dark area of the site where there was "long wet grass."  *Id.* ¶ 10.

Plaintiff alleges that he sustained serious injuries to his ankle, which required multiple surgeries

and caused him to suffer a permanent disability.  *Id.*  Plaintiff claims that he received "the vast

majority" of his medical treatments in New Jersey.  Pl.'s Br. in Supp. of Opp., at 2, July 5, 2015,

D.E. 30.

### B.  Procedural History

Plaintiff commenced this action against Defendants ID&T, ID&T North America, and

Bethel by filing a Complaint in the United States District Court for the District of New Jersey

pursuant to 28 U.S.C. § 1332.  *Compl.*, ¶¶ 1, 5.  Plaintiff alleges that his injuries are the direct

and proximate result of "Defendants['] careless[ness] and negligen[ce] in the ownership, maintenance and operation of the subject property."  *Id.* ¶ 13.  Plaintiff seeks, inter alia, actual, compensatory, and statutory damages.  *Id.*

Plaintiff filed an Amended Complaint on October 9, 2015, adding SFX Entertainment, Inc. and various John Doe entities as Defendants.  Amended Compl,. ¶¶ 1-5, Oct. 9, 2015, D.E. 3.  Plaintiff filed a Second Amended Complaint on October 29, 2015, terminating ID&T and SFX Entertainment as Defendants and naming Defendant ID&T/SFX Mysteryland LLC.  Second Amended Compl., ¶ 4, Oct. 29, 2015, D.E. 4.

Defendant Bethel moved to dismiss or in the alternative to transfer venue to the United States District Court for the Southern District of New York, and Plaintiff opposed Defendant's motion.  Def.'s Mot. to Dismiss, at 1, Mar. 23, 2016, D.E. 19; Pl.'s Br. in Supp. of Opp., at 2, July 5, 2015, D.E. 30.  Co-Defendant Mysteryland consented to this Court's jurisdiction and in the alternative requested that the matter be transferred in lieu of dismissal.  Co-Def.'s Response to Mot., at 1, July 7, 2016, D.E. 32.

## II.    DISCUSSION

### A.  **Personal Jurisdiction**

Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure allows a federal district court to "exercise[] personal jurisdiction according to the law of the state where it sits."  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); *see Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007); *see generally Smith v. S&S Dundalk Eng'g Works, Ltd.*, 139 F. Supp. 2d 610, 617 (D.N.J. 2001) (noting that former Rule 4(e) is now incorporated into Rule 4(k)).  Normally, this is a two-part inquiry.  There must be a state statutory basis for exercising jurisdiction over a non-resident defendant, and a constitutional basis whereby the minimum contacts between the

non-resident and the forum state satisfy due process under the Fourteenth Amendment.  *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).  New Jersey's long-arm rule, however, extends jurisdiction over non-resident defendants to the full extent permitted by the United States Constitution.  *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992); see also N.J. Ct. R. 4-4(b)(1); *YA Global Inv., L.P. v. Cliff*, 419 N.J. Super. 1, 8 (App. Div. 2011) (citing *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971)).  Therefore, in New Jersey, the inquiry into whether personal jurisdiction exists over a non-resident defendant concerns only questions of due process under the Constitution.  *Carteret*, 954 F.2d at 145.

A plaintiff has the burden of persuasion to establish that jurisdiction is proper and must provide facts based upon competent evidence, such as affidavits.  *Metcalfe*, 566 F.3d at 330; *see also Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (explaining that, unlike a motion for failure to state a claim, plaintiff may not rely on pleadings alone for contests of personal jurisdiction).  A plaintiff's burden of proof depends on whether an evidentiary hearing is held.  *Metcalfe*, 566 F.3d at 330–31; *see also Lasala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 476 (3d Cir. 2011).  If a court conducts an evidentiary hearing, a plaintiff must establish personal jurisdiction by a preponderance of the evidence.  *Carteret*, 954 F.2d at 142 n.1, 146; *see also Lasala*, 410 F. App'x at 476.  If, as here, no evidentiary hearing takes place, a plaintiff need prove only a *prima facie* case for personal jurisdiction, and a court must accept a plaintiff's allegations as true and construe disputed facts in its favor.  *O'Connor*, 496 F.3d at 316 (citing *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97

(3d Cir. 2004)); *see also id.* at 323 (stating that "[w]e accept [plaintiff's jurisdictional] statement as true because the District Court held no evidentiary hearing); *Lasala*, 410 F. App'x at 476–77.[1]

There are two distinct bases for the exercise of personal jurisdiction:  general jurisdiction or specific jurisdiction.  *O'Connor*, 496 F.3d at 317.  Here, Plaintiff does not assert that general personal jurisdiction exists.  *See* Pl.'s Opp'n Br. at 3-7.  Rather, Plaintiff asserts specific jurisdiction based on Bethel's specific contacts with New Jersey.  Accordingly, the Court will consider only whether specific personal jurisdiction exists over Bethel.[2]

Specific personal jurisdiction exists when the relationship among the forum, the defendant, and the cause of action are such that the defendant purposely avails itself of the forum's laws, the cause of action is related to or arises out of the defendant's contacts with the forum, and the defendant "should reasonably anticipate being haled into court there."  *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221–22 (3d Cir. 1992) (internal

---

[1] Where a plaintiff makes a *prima facie* case, however, a court may revisit disputed facts at a later time and a plaintiff must eventually prove jurisdictional facts by a preponderance of the evidence.  *Metcalfe*, 566 F.3d at 331, 336 (citing *Carteret*, 954 F.2d at 142 n.1, 146); *see also LaRose v. Sponco Mfg., Inc.*, 712 F. Supp. 455, 458–59 (D.N.J. 1989) (stating "[t]hus, if plaintiff meets the *prima facie* burden, he may proceed to trial, and may only be challenged to establish jurisdiction again at a pre-trial hearing where the burden is then raised to a preponderance of the evidence standard, such as on a motion for summary judgment, or at trial where the higher burden also attaches, but no other preliminary motions on the papers can re-visit the jurisdiction issue").

[2] General personal jurisdiction exists when the evidence shows that a defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *accord Metcalfe*, 566 F.3d at 334.  For general personal jurisdiction, a court considers, among other facts, whether a defendant's personnel or facilities are located in the forum state and whether a defendant advertised or solicited business there.  *See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 262 (3d Cir. 2000).  If continuous and systematic contacts with the forum state are shown, then personal jurisdiction is proper even if the cause of action arises from non-forum contacts.  *Metcalfe*, 566 F.3d at 334; *BP Chems.*, 229 F.3d at 262.

citations and quotations omitted).  In the Third Circuit, a three-part inquiry determines whether specific personal jurisdiction exists:

> First, the defendant must have purposefully directed his activities at the forum. Second, the plaintiff's claim must arise out of or relate to at least one of those specific activities. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice.

*Marten*, 499 F.3d at 296 (internal quotations marks and citations omitted); *accord O'Connor*, 496 F.3d at 317.

Under the first step of the inquiry, a defendant must "purposefully avail[] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *accord O'Connor*, 496 F.3d at 317.  Although "[p]hysical entrance is not required, . . . . what is necessary is a deliberate targeting of the forum."  *O'Connor*, 496 F.3d at 317.  Accordingly, "the 'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient."  *Id.* (quoting *Hanson*, 357 U.S. at 253); *see also Osteotech, Inc. v. GenSci Regeneration Scis., Inc.,* 6 F. Supp. 2d 349, 353 (D.N.J. 1998) (stating that "[a] single, unsolicited contact, random or fortuitous acts or the unilateral acts of others (including the plaintiff) do not constitute a purposeful connection between the defendant and the forum state").  A single act, however, can support jurisdiction if that contact creates a substantial connection with the forum and is connected with the injury underlying the litigation.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n.18 (1985).  Telephone calls, mail, or electronic communications sent by a defendant into the forum may also count toward minimum contacts that support jurisdiction, *see Grand Entm't Group, Ltd. v. Star Media Sal*es*, Inc.,* 988 F.2d 476, 482 (3d Cir. 1993), but they do not trigger personal jurisdiction unless they show purposeful availment.  *Toys "R" Us*, 318 F.3d at 455.  Moreover, "contacts

with a state's citizens that take place outside the state are not purposeful contacts with the state itself." *O'Connor*, 496 F.3d at 317.[1]

With respect to commerce claims that arise via the Internet, the test for determining whether a defendant has established minimum contacts with the forum state such that a court can exercise personal jurisdiction over that defendant is the sliding scale approach delineated in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 119, 1123-24 (W.D. Pa. 1997). *See Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 211-12 (3d Cir. 2014) (finding that personal jurisdiction was lacking because Defendant's passive website "did little 'more than

---

[1] Under the second step of the inquiry, plaintiff's "claims must also 'arise out of or relate to' at least one" purposefully directed contact. *O'Connor*, 496 F.3d at 318 (quoting *Helicopteros*, 466 U.S. at 414). Except for contract cases, the United States Court of Appeals for the Third Circuit has not adopted a definitive approach to this step and has avoided "categorical determinations." *O'Connor*, 496 F.3d at 320. For a purposefully-directed contact to arise out of or relate to a claim, the contact must not only be a but-for cause of the claim, but also must be "a closer and more direct causal connection" such that "[w]ith each purposeful contact by an out-of-state resident, the forum state's laws will extend certain benefits and impose certain obligations." *Id.* at 323. The relatedness requirement "must keep the jurisdictional exposure that results from a contact closely tailored to that contact's accompanying substantive obligations." *Id.*

Under the third step of the specific personal jurisdiction inquiry, a court must "consider whether the exercise of jurisdiction would otherwise comport with 'traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 324 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Specifically, "[t]he existence of minimum contacts makes jurisdiction presumptively constitutional, and the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *O'Connor*, 496 F.3d at 324 (citing *Burger King*, 471 U.S. at 477). This is a heavy burden for the defendant to show. *Grand Entm't Grp.*, 988 F.2d at 483. When considering jurisdictional reasonableness, a court considers several factors, including: (1) the burden on the defendant, (2) the plaintiff's interest in convenient and effective relief, (3) the forum's interest in adjudicating the dispute, (4) the interstate or international judicial system's interest in obtaining an efficient resolution, and (5) the procedural and substantive interests of other countries. *O'Connor*, 496 F.3d at 324 (internal citations omitted).

Because the Court finds that Plaintiff has failed to meet his burden of demonstrating that Bethel's contacts with the State of New Jersey through its website is sufficient to establish minimum contacts, the Court need not reach the next two steps of this inquiry.

advertise on the Internet in Pennsylvania'"). "The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124. "[A] passive Web site that does little more than make information available to those who are interested in it is not grounds for exercise [of] personal jurisdiction." *Id.* A website that "does not permit customers to place orders, make payments, or engage in any business transactions" has a "low degree of commercial activity" such that it "renders Defendants' website essentially passive." *Ackourey*, 573 F. App'x at 212. At the other end of the scale are websites that are interactive and actively conduct commercial transaction with members of the forum state. *Zippo*, 952 F. Supp. at 1124. Therefore, in determining whether personal jurisdiction exists, a court must consider "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.*

That Plaintiff lives in New Jersey, by itself, is not a valid consideration for specific personal jurisdiction. Plaintiff claims that he received all or most of his medical treatment in New Jersey, but that too is not particularly relevant to the specific personal jurisdiction analysis, which concerns a defendant's contacts with the forum and their relationship to the claims at issue.

The remaining question is whether Defendant Bethel's website can confer specific personal jurisdiction in New Jersey. Plaintiff argues that "by advertising the event on its Web site [Bethel] did actively solicit New Jersey residents." Pl.'s Opp'n Br. at 4. Defendant argues that its website was passive and therefore, the Court cannot rely on it to find personal jurisdiction. Def.'s Br. at 3.

The Court finds that under the *Zippo* sliding-scale test and *Ackourey,* Defendant Bethel does not have sufficient minimum contacts with New Jersey through its web site to support the exercise of personal jurisdiction over Bethel.  There is no indication that any advertising was directed to, or specifically targeted, New Jersey residents.  As confirmed by Bethel's CFO/General Manager, pursuant to Paragraph 4 of the License Agreement, "the sale of tickets shall be by Mysteryland and [Bethel] had no obligation or right with regards to the tickets." Certification of Eric Frances, D.E. 25-4; Venue License Agreement, D.E. 25-5.  In addition, "Mysteryland conducts advertising for events held at the Facility."  Certification of Eric Frances, D.E. 25-4.  It is true that the Bethel website advertised the event that Plaintiff attended, and at which he injured himself.  But Plaintiff did not, and could not, purchase tickets directly from Bethel's website.  *Id.*  Instead, Plaintiff had to purchase tickets by going to the Ticketmaster site. *Id.*  Under these circumstances, the Court finds that Bethel's web site is a passive one "that does little more than make information available to those who are interested."  *See Zippo*, 952 F. Supp. at 1124.  The *Zippo* analysis makes clear that Defendant's passive web site is insufficient to find that Defendant has purposefully availed itself of this forum such that its minimum contacts with New Jersey can support a finding of personal jurisdiction.  Accordingly, the Court finds that it lacks personal jurisdiction over Defendant Bethel.

### B.  Transfer

Plaintiff has requested that if the Court concludes it lacks personal jurisdiction, it consider transferring the case rather than dismissing it.  *See* Pl.'s Opp'n Br. at 7.  Plaintiff's request has merit.  Section 1406(a) of Title 28 of the United States Code states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

9

it could have been brought." *See Goldawr,* 369 U.S. at 466 (stating that under § 1406(a), court does not need to have personal jurisdiction to transfer a case for improper venue); *United States v. Berkowitz,* 328 F.2d 358, 361 (3d Cir. 1964) ("'The language of § 1406(a) is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not.") (quoting *Goldawr,* 369 U.S. at 466–67)).  Transfer is generally preferred over dismissal under the principle that cases should be tried on their merits. *RAIT Partnership, L.P. v. Fieldstone Lester Shear & Denberg, LLP,* Civ. No. 09–28, 2009 WL 3297310, at 8 (D.Del. Oct. 14, 2009) (citing *Goldawr,* 369 U.S. at 465–66); *see, e.g., Taube,* 2011 WL 5599821, at *5; *J.F. Lomma,* 2011 WL 463051, at *5; *CLP,* 2008 WL 2095774, at *4.

The Court finds that venue would be proper under 28 U.S.C. § 1391(a)(2) in the United States District Court for the Southern District of New York.  Under § 1391(a)(2), venue in the Southern District of New York is proper because many of the significant events and omissions underlying Bethel's alleged negligence transpired on the Bethel, New York site.  28 U.S.C. § 1391(a)(2).  As discussed above, it was in New York that Plaintiff allegedly fell and sustained serious injuries to his ankle.  Second Amended Compl. ¶ 10.  Plaintiff's negligence claim arises directly out of the conditions of the Bethel, New York site.  *Id.*

Plaintiff argues against transfer because, he claims, it would not be favorable to Plaintiff's condition to travel, and that his treatments take place in New Jersey.  Pl.'s Br. in Supp. of Opp., at 5-6.  Although factors such as convenience are relevant considerations to a § 1404(a) analysis where personal jurisdiction is not at issue, here the Court has already determined that it lacks personal jurisdiction over the Defendants.  Moreover, in weighing inconvenience to Plaintiff versus fairness to Defendant, it does not seem unreasonable to this Court that this matter be transferred to the Southern District of New York.  A cursory map search shows that it would

take twice as long for Defendant to travel to the Southern District of New York as it would take

Plaintiff, which is even longer for Defendant than travelling to the District of New Jersey. *Maps*,

Google.com.[2]

  Plaintiff also claims that "the vast majority" of his medical treatment has taken place in

New Jersey, which implies that he has travelled elsewhere to receive treatment and thus most

likely has the capability to travel with respect to this case.  Faro Cert. ¶ 5.  Plaintiff also argues

that "[o]nly the accident site and Bethel Woods is located in New York."  Pl.'s Br. in Supp. of

Opp., at 7.  Again, these facts matter less where, as here, the Court already has concluded that it

lacks personal jurisdiction, as opposed to a § 1404(a) analysis based on convenience and

efficiency and where jurisdiction is not at issue.  Moreover, the location of the Festival and the

conditions of the site are precisely what gave way to the accident, which specifically yields this

cause of action.  Consequently, the events giving rise to the claim substantially occurred in the

Southern District of New York.  *See Cottman,* 36 F.3d at 295–96.  Accordingly, venue in the

United States District Court for the Southern District of New York is also proper under 28

U.S.C. § 1391(a)(2).

  Because transfer to the United States District Court for the Southern District of New

York is proper and will facilitate a decision on the merits, the Court concludes that this case

should be transferred to the United States District Court for the Southern District of New York

pursuant to 28 U.S.C. § 1406.

---

  [2] https://www.google.com/maps/dir/Bethel,+NY/SDNY+Courthouse; https://www.google.com/maps/dir/Bethel,+NY/50+Walnut+Street,+Newark,+NJ (last visited December 19, 2016).

### III.   CONCLUSION

For the reasons set forth above, the Court finds that this Court lacks personal jurisdiction over Defendant Bethel, but that transfer to the United States District Court, Southern District of New York pursuant to 28 U .S.C. § 1406 is appropriate.  Therefore, the Court will transfer this action to the United States District Court, for the Southern District of New York.

An appropriate Order accompanies this Opinion.


*s/ Michael A. Hammer*_____
**United States Magistrate Judge**

Dated: December 21, 2016