UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANGEL SANTIAGO,                                            Docket No.:1:17-CV-00101

                             Plaintiff,

       -against-                                             **ANSWER TO**
                                                                            **THIRD AMENDED**
ID&T/SFX MYSTERYLAND, LLC, BETHEL WOODS          **COMPLAINT**
CENTER FOR THE ARTS, D & E PARTNERS, INC.,
S & B GROUP ENTERPRISES, LLC, CHRISTIE
LITES, LLC, CONTEMPORARY SERVICES
CORPORATION, CSS SECURITY, INC., GREEN
MOUNTAIN CONCERT SERVICES, INC., STRIKE
FORCE PROTECTIVE SERVICES, INC., VENUE
SMART, KEL EXECUTIVE SERVICES, ABC CORPS.
1 – 100 (fictitious entities) and JOHN DOES 1 – 100
(fictitious entities),

                             Defendants.
------------------------------------------------------------------X

       Defendant, CONTEMPORARY SERVICES CORPORATION ("CSC"), by its Attorneys, LITCHFIELD CAVO LLP, answering the complaint of the plaintiff herein, respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

       1.     Answering Defendant denies the factual allegations contained in Paragraph "1", entitled "Nature of the Case" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

## PARTIES

       2.     Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "2" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

3. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "3" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

4. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "4" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

5. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "5" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

6. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "6" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

7. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "7" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

8. Answering Defendant denies the truth of the allegation contained in Paragraph "8" of the Plaintiff's Third Amended Complaint and respectfully refers all matters and questions of law to this Honorable Court.

9. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "9" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

10. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "10" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

11. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "11" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

12. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "12" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

13. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "13" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

14. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "14" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

15. Answering Defendant denies the truth of the allegation contained in Paragraph "15" of the Plaintiff's Third Amended Complaint and respectfully refers all matters and questions of law to this Honorable Court.

16. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "16" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

## THE INCIDENT

17. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "17" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

18. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "18" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

19. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "19" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

20. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "20" of the Plaintiff's Third Amended Complaint and respectfully refer all matters and questions of law to this Honorable Court.

## (FIRST COUNT)
## NEGLIGENCE

21. Answering Defendant hereby repeats, reiterates and incorporates by reference all denials above in paragraphs "1" through "20" as if set forth fully herein.

22. Answering Defendant denies the truth of the allegation contained in Paragraph "22" of the Plaintiff's Third Amended Complaint and respectfully refers all matters and questions of law to this Honorable Court.

23. Answering Defendant denies the truth of the allegation contained in Paragraph "23" of the Plaintiff's Third Amended Complaint and respectfully refers all matters and questions of law to this Honorable Court.

24. Answering Defendant denies the truth of the allegation contained in Paragraph "24" of the Plaintiff's Third Amended Complaint and respectfully refers all matters and questions of law to this Honorable Court.

25. Answering Defendant denies the truth of the allegation contained in Paragraph "25" of the Plaintiff's Third Amended Complaint and respectfully refers all matters and questions of law to this Honorable Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. The Plaintiff's Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. Plaintiff has failed to obtain in personam jurisdiction over the Defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. The plaintiff's claim for recovery ought to be barred or reduced by reason of his failure to mitigate damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. Plaintiff has failed to obtain subject matter jurisdiction over the Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by the doctrine of "unclean hands".

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. Upon information and belief, the Plaintiff lacks standing.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. That this Court lacks jurisdiction over the person of this defendant as a result of failing to obtain proper service of process.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33. That the culpable conduct of the plaintiff brought about the alleged damages and injuries which plaintiff claims, without any culpable conduct on the part of this defendant, their agents, servants or employees.

34. That if the Court find after trial that any culpable conduct of this defendant, his agents, servants or employees contributed to the alleged damages or injuries to the plaintiff, then and in that event this defendant prays that the amount of damages which might be recoverable shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the alleged damages or injuries.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35. Pursuant to CPLR Article 16, the liability of this Defendant to the Plaintiff for non-economic loss shall not exceed the equitable share of this Defendant determined

in accordance with the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36. That recovery, if any, shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST ID&T/SFX MYSTERYLAND, LLC, BETHEL WOODS CENTER FOR THE ARTS, D & E PARTNERS, INC., S & B GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT SERVICES, INC., STRIKE FORCE PROTECTIVE SERVICES, INC., VENUE SMART, KEL EXECUTIVE SERVICES, ABC CORPS. 1-100 (FICTITIOUS ENTITIES) AND JOHN DOES (FICTITIOUS NAMES)

37. If the plaintiff recovers against this Defendant, then this Defendant will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

### AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY AGAINST ID&T/SFX MYSTERYLAND, LLC, BETHEL WOODS CENTER FOR THE ARTS, D & E PARTNERS, INC., S & B GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT SERVICES, INC., STRIKE FORCE PROTECTIVE SERVICES, INC., VENUE SMART, KEL EXECUTIVE SERVICES, ABC CORPS. 1-100 (FICTITIOUS ENTITIES) AND JOHN DOES (FICTITIOUS NAMES)

38. If the plaintiff recovers against this Defendant, then this Defendant will be entitled to be indemnified to recover the full amount of any judgment from the co-defendants above named.

### AS AND FOR A CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AGAINST ID&T/SFX MYSTERYLAND, LLC, BETHEL WOODS CENTER FOR THE ARTS, D & E PARTNERS, INC., S & B GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT SERVICES, INC., STRIKE FORCE PROTECTIVE SERVICES, INC.,

VENUE SMART, KEL EXECUTIVE SERVICES, ABC CORPS. 1-100 (FICTITIOUS ENTITIES) AND JOHN DOES (FICTITIOUS NAMES)

39. At the time of the accident alleged in the complaint, an agreement was in effect between this Defendant and one or more of the co-defendants above named.

40. The agreement(s) required one or more of the co-defendants above named to indemnify and/or hold harmless this Defendant for all claims, losses, liabilities and damages for any injury to any person.

41. The co-defendants above named breached the agreement and are obligated to indemnify this Defendant for any judgment or settlement obtained by any plaintiff in this action including a defense costs and attorneys' fees.

AS AND FOR A CROSS-CLAIM FOR BREACH OF CONTRACT FOR FAILURE TO NAME THIS ANSWERING DEFENDANT ON INSURANCE POLICY AGAINST ID&T/SFX MYSTERYLAND, LLC, BETHEL WOODS CENTER FOR THE ARTS, D & E PARTNERS, INC., S & B GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT SERVICES, INC., STRIKE FORCE PROTECTIVE SERVICES, INC., VENUE SMART, KEL EXECUTIVE SERVICES, ABC CORPS. 1-100 (FICTITIOUS ENTITIES) AND JOHN DOES (FICTITIOUS NAMES)

42. At the time of the accident alleged in the complaint, an agreement was in effect between this Defendant and one or more of the co-defendants above named.

43. The agreement required one or more of the co-defendants above named to procure general liability insurance for the benefit of this Defendant.

44. One or more of the co-defendants above named failed to purchase the insurance required and thereby breached the aforementioned agreement.

45. By reason of the foregoing, one or more of the co-defendants above named are liable to this answering Defendant for all damages resulting from the breach including defense costs and attorneys' fees.

**WHEREFORE**, Defendant demand judgment dismissing Plaintiff's Complaint, together with the costs and disbursements of this action, and for any expense incurred by the Defendants in the defense of this action, including attorneys' fees, and in the event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and this Defendant further demands judgment against each other defendant above named in connection with the aforementioned cross-claims, and for any other further relief that this Honorable Court may deem just and proper.

Dated: New York, New York
       September 15, 2017

                                        LITCHFIELD CAVO LLP

                                By: _____
                                    Brian Gitnik, Esq. (BSG 3966)
                                    420 Lexington Avenue, Suite 2104
                                    New York, New York 10170
                                    Tel: (212) 792-9772
                                    Fax: (212) 434-0105
                                    *Attorney for Defendant*
                                    CONTEMPORARY SERVICES CORP.

To:    Mark Faro, Esq. (MRF 2215)
        Piekarsky & Associates, LLC
        191 Godwin Avenue
        Wyckoff, New Jersey 07481
        Tel: (201) 560-5000
        Fax: (201) 560-1440
        *Attorneys for Plaintiff*
        *ANGEL SANTIAGO*

        Steven H. Rosenfeld, Esq. (SHR3829)
        Havkins, Rosenfeld, Ritzert & Varriale, LLP
        1065 Avenue of the Americas, Suite 800
        New York, New York 10018
        Tel: (646) 747-5105
        Fax: (212) 564-0203

*Attorneys for Defendant*
*ID&T/SFX MYSTERYLAND, LLC*

John R. Marquez, Esq. {JRM 3623)
Eustace, Marquez, Epstein, Prezioso & Yapchanyk
55 Water Street, 29th Floor
New York, New York  10041
(212) 612-4228
*Attorneys for Defendant*
*BETHEL WOODS CENTER FOR THE ARTS*

# VERIFICATION

STATE OF NEW YORK    )
                                    ss.:  )
COUNTY OF NEW YORK  )

       Brian S. Gitnik, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following under the penalties of perjury:

1.    I am a Partner with the law firm of LITCHFIELD CAVO, LLP, attorneys for Defendant, CONTEMPORARY SERVICES CORPORATION in the within action.

2.    I am fully familiar with the facts and circumstances of this action from a review of the file maintained by this office.

3.    I have read the foregoing ANSWER TO COMPLAINT and know the contents thereof and same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

4.    The reason this verification is made by me and not by the Defendant is because Defendant resides outside the county where deponent maintains his office.

Dated: New York, New York
       September 15, 2017

                                                Brian S. Gitnik, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANGEL SANTIAGO,                                                              Docket No.:1:17-CV-00101

                                Plaintiff,

      -against-                                                                                  **NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**

ID&T/SFX MYSTERYLAND, LLC, BETHEL WOODS
CENTER FOR THE ARTS, D & E PARTNERS, INC.,
S & B GROUP ENTERPRISES, LLC, CHRISTIE
LITES, LLC, CONTEMPORARY SERVICES
CORPORATION, CSS SECURITY, INC., GREEN
MOUNTAIN CONCERT SERVICES, INC., STRIKE
FORCE PROTECTIVE SERVICES, INC., VENUE
SMART, KEL EXECUTIVE SERVICES, ABC CORPS.
1 – 100 (fictitious entities) and JOHN DOES 1 – 100
(fictitious entities),

                                Defendants.
-----------------------------------------------------------------------X

     **PLEASE TAKE NOTICE**, that pursuant to FRCP Rule 30 the testimony, upon oral examination of plaintiff, an adverse party, will be taken before a notary public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity of affinity to any party herein, at the offices of the undersigned on the 18th day of December, 2017 at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action:

     That the said person to be examined is required to produce at such examination the following:

     ANY AND ALL BOOKS, RECORDS AND/OR MEMORANDA IN YOUR POSSESSION, CUSTODY OR CONTROL RELATING TO THE WITHIN ACTION.

Dated: New York, New York
       September 15, 2017

LITCHFIELD CAVO LLP

By: _____
Brian Gitnik, Esq. (BSG 3966)
420 Lexington Avenue, Suite 2104
New York, New York 10170
Tel: (212) 792-9772
Fax: (212) 434-0105
*Attorney for Defendant*
CONTEMPORARY SERVICES CORP.

To: Mark Faro, Esq. (MRF 2215)
Piekarsky & Associates, LLC
191 Godwin Avenue
Wyckoff, New Jersey 07481
Tel: (201) 560-5000
Fax: (201) 560-1440
*Attorneys for Plaintiff*
*ANGEL SANTIAGO*

Steven H. Rosenfeld, Esq. (SHR3829)
Havkins, Rosenfeld, Ritzert & Varriale, LLP
1065 Avenue of the Americas, Suite 800
New York, New York 10018
Tel: (646) 747-5105
Fax: (212) 564-0203
*Attorneys for Defendant*
*ID&T/SFX MYSTERYLAND, LLC*

John R. Marquez, Esq. {JRM 3623)
Eustace, Marquez, Epstein, Prezioso & Yapchanyk
55 Water Street, 29th Floor
New York, New York 10041
(212) 612-4228
*Attorneys for Defendant*
*BETHEL WOODS CENTER FOR THE ARTS*