Lori F. Graybow (LG 1682)
Michelle L. Bochner (MP-1665)
HAVKINS ROSENFELD RITZERT & VARRIALE, LLP
One Battery Park Plaza, 6th floor
New York, New York 10004
 (212) 488-1598
(212) 564-0203 (fax)
*Attorneys for Defendants*
ID&T/SFX MYSTERYLAND LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANGEL SANTIAGO,

                                        Plaintiff,

                    - against -

ID&T/SFX MYSTERYLAND LLC, BETHEL WOODS
CENTER FOR THE ARTS, D&E PARTNERS, INC., S&B
GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC,
CONTEMPROARY SERVICES CORPORATION, CSS
SECURITY, INC., GREEN MOUNTAIN CONCERT
SERVICES, INC. STRIKE FORCE PROTECTIVE SERVICES,
INC., VENUE SMART, KEL EXECUTIVE SERVICES, ABC
CORPS. 1-100 (fictitious
names), & JOHN DOES 1-100 (fictitious names),

                                        Defendants.
------------------------------------------------------------------------X

Case No.: **1:17-cv-00101-PAE**

**<u>ANSWER TO THIRD
AMENDED COMPLAINT</u>**

**PLEASE TAKE NOTICE** that defendant ID&T/SFX MYSTERYLAND LLC by its

attorneys, Havkins Rosenfeld Ritzert & Varriale, LLP, as and for its Answer to Third Amended

Complaint, states upon information and belief, as follows:

<u>**NATURE OF THE CASE**</u>

1.     Defendant denies the allegations contained in paragraph "1" of the Third

Amended Complaint and refers all questions of law to the Court at the time of trial.

<u>**PARTIES**</u>

2.     Defendant denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "2" of the Third Amended Complaint.

{03027936.DOCX / 2 }

3.      Defendant denies the allegations contained in paragraph "3" of the Third Amended Complaint except admits that ID&T/SFX MYSTERYLAND LLC is a foreign limited liability company.

4.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Third Amended Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Third Amended Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Third Amended Complaint.

7.      Defendant denies the allegations contained in paragraph "7" of the Third Amended Complaint in the form alleged and refers all questions of law to the Court at the time of trial.

8.      Defendant denies the allegations contained in paragraph "8" of the Third Amended Complaint in the form alleged and refers all questions of law to the Court at the time of trial.

9.      Defendant denies the allegations contained in paragraph "9" of the Third Amended Complaint in the form alleged and refers all questions of law to the Court at the time of trial.

10.     Defendant denies the allegations contained in paragraph "10" of the Third Amended Complaint in the form alleged and refers all questions of law to the Court at the time of trial.

11.     Defendant denies the allegations contained in paragraph "11" of the Third Amended Complaint in the form alleged and refers all questions of law to the Court at the time of trial.

12.     Defendant denies the allegations contained in paragraph "12" of the Third Amended Complaint in the form alleged and refers all questions of law to the Court at the time of trial.

13.     Defendant denies the allegations contained in paragraph "13" of the Third Amended Complaint in the form alleged and refers all questions of law to the Court at the time of trial.

14.     Defendant denies the allegations contained in paragraph "14" of the Third Amended Complaint in the form alleged and refers all questions of law to the Court at the time of trial.

15.     Defendant denies the allegations contained in paragraph "15" of the Third Amended Complaint in the form alleged and refers all questions of law to the Court at the time of trial.

16.     Defendant admits the allegations contained in paragraph "16" of the Third Amended Complaint.

### THE INCIDENT

17.     Defendant denies knowledge or information of the allegations in paragraph "17" of the Third Amended Complaint in the form alleged.

18.     Defendant denies knowledge or information of the allegations in paragraph "18" of the Third Amended Complaint in the form alleged.

19.      Defendant denies knowledge or information of the allegations in paragraph "19" of the Third Amended Complaint in the form alleged.

20.      Defendant denies the allegations in paragraph "20" of the Third Amended Complaint in the form alleged.

## (FIRST COUNT) NEGLIGENCE

21.      Defendant repeats and reiterates any objections raised herein.

22.      Defendant denies the allegations contained in paragraph "22" of the Third Amended Complaint and refers all questions of law to the Court.

23.      Defendant denies the allegations contained in paragraph "23" of the Third Amended Complaint and refers all questions of law to the Court.

24.      Defendant denies the allegations contained in paragraph "24" of the Third Amended Complaint and refers all questions of law to the Court.

25.      Defendant denies the allegations contained in paragraph "25" of the Third Amended Complaint and refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26.      That any injuries or damages sustained by Plaintiff, as alleged in the Third Amended Complaint, were caused in whole or in part by the contributory or comparative negligence and/or culpable conduct of said Plaintiff and not as a result of any negligence and/or culpable conduct on the part of the answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27.      The Third Amended Complaint fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against the answering defendant, and must therefore be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28.     If the Plaintiff sustained any damages as alleged in the Third Amended Complaint, which allegations are expressly denied, then same were sustained because of the negligence and/or culpable conduct of a third party over whom the answering defendants did not and was not obligated to exercise supervision or control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29.     In the event the Plaintiff recovers a verdict or judgment against the responding defendant, then said verdict or judgment against said Defendant must be reduced pursuant to CPLR 4545 by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers compensation or employee benefits program.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30.     The liability of the answering defendant, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence, as set forth in Article 16 of the CPLR.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31.     The damages claimed by Plaintiff, which are expressly denied, were not proximately caused by the answering defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32.     The alleged incident was caused by separate, independent, superseding, intervening culpable acts that constitute the sole and/or other superseding and/or intervening proximate causes of the alleged occurrence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33.     The answering defendant had no control over the area where incident occurred.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34.     The action is barred because if it is determined that a defective condition caused this occurrence, it was trivial and/or transient in nature.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35.     Plaintiff failed to mitigate or otherwise act to lessen or reduce the alleged injuries.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

36. The answering defendant did not create nor had notice--actual or constructive, of any defect or unsafe condition--the condition of which is expressly denied-which may be found to have existed at or about the area in question.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37.     The plaintiff is barred from commencing this lawsuit against the answering defendant by knowingly signing, of her own volition, a duly executed Waiver and Release.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

38.     That the instant personal injury action is barred by a release whereby plaintiff or plaintiffs released and forever discharged the answering defendant from all claims and from

every liability arising from the cause of action set forth in the Third Amended Complaint in the above-entitled action.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

39.     The answering defendant owed no duty or responsibility to safeguard the Plaintiff and exercised no control over her activities.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

40.     At the time of the alleged incident, the Plaintiff was engaged in activity which she knew to be hazardous in nature and, therefore, the Plaintiff assumed the risk and consequences inherent in such activity.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

41.     Upon information and belief, that any and all risks, hazards, defects or dangers alleged were open, obvious and apparent, natural and inherent and known, or should have been known to the Plaintiff herein, and the Plaintiff voluntarily assumed all such risks, hazards, defects and dangers.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

42.     That if the Plaintiff or other parties shall have a judgment and/or verdict entered in her favor over and against the answering Defendant, the judgment and/or verdict shall be precluded, modified, offset and/or reduced by any and all sums or consideration paid or promised to the Plaintiff or other parties by any person, corporation, or parties claimed to be liable for the injuries and/or damages alleged in the Third Amended Complaint to the extent of the greater of either of the sum or consideration paid or promised to the Plaintiff or other parties, or the amount

of the released tortfeasor's equitable share of the liability and the damages in accordance with Article 15 of the General Obligations Law §§ 15-105 and 15-108.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

43.     That the injuries and damages to the Plaintiff were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the Plaintiff and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care of the Plaintiff and/or other parties, pursuant to CPLR Article 14 and 14-A.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST ALL DEFENDANTS

44.     Upon information and belief, that if and in the event the plaintiff sustained any damages as alleged in the Third Amended Complaint, all of which is denied by the answering defendant, said damages were caused by the negligence, culpable conduct, intentional and/or wrongful acts of defendants  BETHEL WOODS CENTER FOR THE ARTS, D&E PARTNERS, INC., S&B GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC, CONTEMPROARY SERVICES CORPORATION, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT SERVICES, INC. STRIKE FORCE PROTECTIVE SERVICES, INC., VENUE SMART, KEL EXECUTIVE SERVICES, ABC CORPS. 1-100 (fictitious names), & JOHN DOES 1-100 (fictitious names) and not through any acts of negligence, culpable or wrongful conduct on the part of  ID&T/SFX MYSTERYLAND LLC.

45.     By reason of the foregoing, the defendant ID&T/SFX MYSTERYLAND LLC is entitled to common-law indemnification from, and to have judgment over and against, defendants BETHEL WOODS CENTER FOR THE ARTS, D&E PARTNERS, INC., S&B GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC, CONTEMPROARY SERVICES CORPORATION, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT SERVICES, INC.

{03027936.DOCX / 2 }

STRIKE FORCE PROTECTIVE SERVICES, INC., VENUE SMART, KEL EXECUTIVE

SERVICES, ABC CORPS. 1-100 (fictitious names), & JOHN DOES 1-100 (fictitious names),

for all or part of any verdict or judgment that plaintiff may recover against said answering

defendant.

### AS AND FOR A SECOND CROSS-CLAIMS AGAINST DEFENDANTS

46.     Upon information and belief, that if and in the event the plaintiff sustained any

damages as alleged in the Amended Verified Complaint, all of which is denied by the answering

defendant, said damages were caused by the negligence, culpable conduct, intentional and/or

wrongful acts of defendants BETHEL WOODS CENTER FOR THE ARTS, D&E PARTNERS,

INC., S&B GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC, CONTEMPROARY

SERVICES CORPORATION, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT

SERVICES, INC. STRIKE FORCE PROTECTIVE SERVICES, INC., VENUE SMART, KEL

EXECUTIVE SERVICES, ABC CORPS. 1-100 (fictitious names), & JOHN DOES 1-100

(fictitious names),  and not through any acts of negligence, culpable or wrongful conduct on the

part of defendant ID&T/SFX MYSTERYLAND LLC.

47.     By reason of the foregoing, the defendant ID&T/SFX MYSTERYLAND LLC. .is

entitled to contractual indemnification from, and to have judgment over and against, defendants

BETHEL WOODS CENTER FOR THE ARTS, D&E PARTNERS, INC., S&B GROUP

ENTERPRISES, LLC, CHRISTIE LITES, LLC, CONTEMPROARY SERVICES

CORPORATION, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT SERVICES, INC.

STRIKE FORCE PROTECTIVE SERVICES, INC., VENUE SMART, KEL EXECUTIVE

SERVICES, ABC CORPS. 1-100 (fictitious names), & JOHN DOES 1-100 (fictitious names),

for all or part of any verdict or judgment that plaintiff may recover against said answering defendant.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANTS

48.     Upon information and belief, that if and in the event the plaintiff sustained any damages as alleged in the Amended Verified Complaint, all of which are denied by the answering defendant, ID&T/SFX MYSTERYLAND LLC, said damages was caused by the negligence, culpable conduct, intentional and/or wrongful acts of defendants BETHEL WOODS CENTER FOR THE ARTS, D&E PARTNERS, INC., S&B GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC, CONTEMPROARY SERVICES CORPORATION, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT SERVICES, INC. STRIKE FORCE PROTECTIVE SERVICES, INC., VENUE SMART, KEL EXECUTIVE SERVICES, ABC CORPS. 1-100 (fictitious names), & JOHN DOES 1-100 (fictitious names), and not through any acts of negligence, culpable or wrongful conduct on the part of the answering defendant.

49.     By reason of the foregoing, the answering defendant is entitled to common-law contribution from, and to have judgment over and against, defendants, BETHEL WOODS CENTER FOR THE ARTS, D&E PARTNERS, INC., S&B GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC, CONTEMPROARY SERVICES CORPORATION, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT SERVICES, INC. STRIKE FORCE PROTECTIVE SERVICES, INC., VENUE SMART, KEL EXECUTIVE SERVICES, ABC CORPS. 1-100 (fictitious names), & JOHN DOES 1-100 (fictitious names), for all or part of any verdict or judgment that plaintiff may recover against said answering defendant.

{03027936.DOCX / 2 }

**WHEREFORE**, Defendant ID&T/SFX MYSTERYLAND LLC hereby demands judgment dismissing the plaintiff's Third Amended Complaint, and further demands judgment over and against the plaintiff for all or part of any verdict and/or judgment rendered against the answering defendant, and over and against the defendants BETHEL WOODS CENTER FOR THE ARTS, D&E PARTNERS, INC., S&B GROUP ENTERPRISES, LLC, CHRISTIE LITES, LLC, CONTEMPROARY SERVICES CORPORATION, CSS SECURITY, INC., GREEN MOUNTAIN CONCERT SERVICES, INC. STRIKE FORCE PROTECTIVE SERVICES, INC., VENUE SMART, KEL EXECUTIVE SERVICES, ABC CORPS. 1-100 (fictitious names), & JOHN DOES 1-100 (fictitious names), on all cross-claims asserted against said defendant for all or part of any verdict and/or judgment rendered against the answering defendant, including all costs and fees of this action and for such other and further relief that this Court deems just and proper.

Dated: New York, New York
      October 10, 2017

                      **HAVKINS ROSENFELD RITZERT**
                      **& VARRIALE, LLP**

                      By: _____
                            Lori F. Graybow (LG 1682)
                            Michelle L. Bochner (MP 1665)
                      *Attorneys for Defendant*
                      *ID&T/SFX MYSTERYLAND LLC*
                      One Battery Park Plaza, 6th floor
                      New York, New York 10004
                      (212) 488-1598
                      File No.: 10310-362

To:

**LITCHFIELD CAVO LLP**
*Attorneys for Defendant Contemporary Services Corp.*
420 Lexington Avenue, Suite 2104
New York, NY 10170

{03027936.DOCX / 2 }

**PIEKARSKY & ASSOCIATES, LLC**
Scott B. Piekarsky, Esq.
*Attorney for plaintiff*
191 Goodwin Avenue
Wyckoff, New Jersey 07481
(201) 560.5001

**EUSTACE, MARQUEZ, EPSTEIN, PREZIOSO & ARCIOLD**
*Attorneys for Defendant Bethel Woods Center for the Arts*
55 Water Street, 29th Floor
New York, New York 10041
(212) 612-4200

## CORPORATE VERIFICATION

STATE OF CALIFORNIA        )
                                   ) ss.

COUNTY OF LOS ANGELES    )

        _____Jason M. Barr, Esq._____, being duly sworn deposes and says:

I am the _____SVP_____ of ID&T/SFX MYSTERYLAND LLC defendant in this action.

I have read the foregoing Answer to the Third Amended Complaint and know the contents thereof.

The same is true to my own knowledge, except as to those matters therein stated to be alleged upon

information and belief, and as to those matters, I believe them to be true.

        The grounds of my belief as to all matters not stated upon my knowledge are information

contained in the files of ID&T/SFX MYSTERYLAND LLC, and in conversations with all of its

employees.

Sworn to me on this

_____

Notary Public

See attached.

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    **CIVIL CODE § 1189**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                          )
County of __Los Angeles__                    )

On __October 5, 2017__ before me, __Anne E. Brakel, Notary Public,__
     *Date*                                      *Here Insert Name and Title of the Officer*

personally appeared __Jason M. Barr__
                            *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

ANNE E. BRAKEL
Notary Public – California
Los Angeles County
Commission # 2203752
My Comm. Expires Jul 2, 2021

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
              *Signature of Notary Public*

*Place Notary Seal Above*

———————————— **OPTIONAL** ————————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __Corporate Verification__
Document Date: __October 5, 2017__                    Number of Pages: __1__
Signer(s) Other Than Named Above: __No other signers.__

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee         ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee         ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907