UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANGEL SANTIAGO,

|  |  |
|---|---|
| Plaintiff, | Docket No.:   1:17-cv-00101-PAE |
|  | **VERIFIED ANSWER** |
| -against- | **WITH CROSSCLAIMS** |

ID&T/SFX MYSTERYLAND LLC, BETHEL WOODS
CENTER FOR THE ARTS, D & E PARTNERS, INC.,
S&B GROUP ENTERPRISES, LLC, CHRISTIE LITES
LLC, CONTEMPORARY SERVICES CORPORATION,
CSS SECURITY, INC., GREEN MOUNTAIN CONCERT
SERVICES, INC., STRIKE FORCE PROTECTIVE
SERVICES, INC., VENUE SMART, KEL EXECUTIVE
SERVICES, ABC CORPS.1-100 (Fictitious entities),
& John Does1-100(Fictitious Names),

Defendants.
-------------------------------------------------------------------X

The defendants, CONCERT SERVICES SPECIALISTS, INC. d/b/a CSS SECURITY, INC. by their attorneys, MORRIS DUFFY ALONSO & FALEY, upon information and belief, answers the plaintiff's Third Amended Complaint herein as follows:

1.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Third Amended Complaint designated: "1," "2," "3," "4," "5," "6," "7," "8," "9," "11," "12," "13," "14," "18," and "19."

2.      Denies each and every allegation contained in the paragraphs or subdivisions of the Third Amended Complaint designated: "10," except admits that Concert Services Specialists, Inc. was retained to perform services at the Mysteryland Music Festival.

3.      Denies each and every allegation contained in the paragraphs or subdivisions of the Third Amended Complaint designated: "15," "16," "17," and "20," and respectfully refers all questions of law to this honorable court.

## ANSWERING THE FIRST CAUSE OF ACTION

4.      As to the paragraph of the third Amended Complaint designated "21", answering defendant repeats, reiterates and realleges each and every denial heretofore made with respect to paragraphs "1" through "20" inclusive, with the same force and effect as if fully set forth at length herein.

5.      Denies each and every allegation contained in the paragraphs or subdivisions of the Third Amended Complaint designated: "23," "24," and "25."

6.      Denies each and every allegation contained in the paragraphs or subdivisions of the Third Amended Complaint designated: "22," with respect to answering defendant and respectfully refers all questions of law to this honorable court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7.      Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of the plaintiffs, pursuant to Section 14-A, CPLR.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8.      Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of third parties not under the control of answering defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.      Pursuant to CPLR 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security Act), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the plaintiff), then and in that event answering defendants hereby plead in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.      The injuries and damages alleged, all of which are denied by the answering defendants, were caused by the intervening, interceding and superseding acts of third parties not under the control of answering defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.      The Court lacks jurisdiction over the answering defendants due to improper service of process.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12.     The plaintiff failed to mitigate his damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.     That the action against the answering defendant cannot be prosecuted due to the plaintiffs' failure to name and likewise prosecute an indispensable party to this litigation.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

14.     Answering defendant is entitled to limitation of liability pursuant to Article 16 of the CPLR.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15.     The Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16.     If the plaintiff sustained damages as alleged, such damages occurred while the plaintiff was engaged in an activity into which he (or she) entered, knowing the hazard, risk and danger of the activity and he (or she) assumed the risks incidental to and attending the activity.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

17.     Any alleged defective condition was open and obvious and therefore should have been avoided by plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.     Any alleged defective condition was a "trivial defect" for which plaintiff may not recover.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19.     That, to the extent that plaintiff has failed and neglected to maintain this action in a swift, diligent and timely fashion, the plaintiff's Complaint claim is barred by the equitable doctrine of laches.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20.     Answering defendant did not own, lease or control the area where the occurrence took place, and therefore, cannot be found negligent.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21.     The Complaint must be dismissed due to lack of privity between plaintiff and

answering defendant.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22.     At the time of the alleged occurrence, there was an ongoing storm and as such, these defendants had no duty to clear the premises at issue.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

23.     Plaintiff was involved in an activity inherently dangerous.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

24.     The defendants are not liable to the plaintiff as the plaintiff's actions were the sole proximate cause of the alleged occurrence.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

25.     The answering defendant did not have actual or constructive notice of the alleged condition.

## AS AND FOR A TWENTY AFFIRMATIVE DEFENSE

26.     No duty to plaintiff was owed by this defendant to the plaintiff.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

27.     The answering defendant was totally uninvolved in the accident alleged.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

28.     That the occurrence alleged was spontaneous, nonavoidable and occurred as a result of acts of God, and could not have been prevented by the defendant.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

29.     Pursuant to CPLR 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings **or other economic loss,** and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security Act), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the plaintiff), then and in that event defendants hereby plead in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two year period

immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

30.     That the occurrence alleged was spontaneous, non-avoidable and occurred as a result of acts of God, and could not have been prevented by the defendant.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

31.     If the plaintiff was not wearing appropriate foot wear at the time of the alleged occurrence, defendant pleads the failure to wear same, or to wear same properly, in mitigation of damages.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

32.     If plaintiff is entitled to recover damages for loss of earnings or impairment of earning ability as against defendant by reason of the matters alleged in the Verified Complaint, liability for which is hereby denied, then pursuant to CPLR 4546 the amount of damages recoverable against said defendant, if any, shall be reduced by the amount of federal, state and local income taxes which the plaintiff would have been obligated by law to pay.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

33.     The plaintiff has a **duty to mitigate all damages** with specific reference to future medical damages and under the Patient Protection and Affordable Care Act has a federally mandated mechanism in which to do so.

## AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:

34.     If the plaintiff was caused to sustain injuries and damages at the time and in the manner set forth in her Complaint through any carelessness, recklessness or negligence other than that of plaintiff's own, which is expressly denied, such injuries and damages will have been caused, brought about and sustained solely by reason of the active, primary and affirmative negligence, carelessness and wrongdoing of the co-defendant, by their agents, servants and/or employees, without any negligence on the part of the answering defendant contributing thereto, or if there be

any negligence on the part of the answering defendant, the same was merely passive and secondary in nature.

35.    That by reason of the foregoing, if the plaintiff recovers any judgment against the answering defendant, then this defendant is entitled to be fully indemnified by the co-defendant in a like amount, together with the costs, disbursements, expenses and attorneys' fees of the defense of this action by reason of the active and primary negligence of the co-defendant.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A SECOND CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:**

36.    If plaintiff sustained damages as alleged in the Complaint through any fault other than the plaintiff's own fault, then such damages were sustained due to the sole fault of the co-defendant, and if plaintiff should obtain and/or recover judgment against the answering defendant, then the co-defendant shall be liable pursuant to common law for the full indemnification of the answering defendant.

In view of the foregoing, the answering defendant is entitled to complete common law indemnification for all loss, damage, cost or expense, including, without limitation, judgments, attorneys' fees, Court costs and the cost of appellate proceedings from the co-defendant.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A THIRD CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:**

37.    That pursuant to the contracts and/or agreements, upon information and belief, the co-defendant undertook certain duties and obligations.

38.    If the plaintiff sustained injuries and damages as alleged in the Complaint, they were sustained within the provisions of the aforesaid contracts and/or agreements and/or the terms and conditions emanating therefrom, including warranties contained therein and/or implied therefrom by operation of law or otherwise.

39.    If the plaintiff was caused to sustain the injuries as set forth in plaintiff's Complaint, through any carelessness, recklessness and/or negligence or other culpable conduct other than that of the plaintiff, said injuries and damages were caused by breach of and/or in furtherance of and as a result of the activities pursuant to the aforesaid contracts and/or agreements and/or the terms and conditions emanating therefrom, including breach of warranties, stated and/or implied, by operation of law or otherwise, by the co-defendants, their agents, servants and/or employees and if any judgment is recovered herein against the answering defendant, they will be damaged thereby and the co-defendant are or will be primarily responsible therefore and the answering defendant will be entitled to contribution and/or indemnification, in whole or in part, from the culpable parties named in this claim over for their portion of plaintiff's damages which were caused by the culpable parties named in this claim over, together with all attorneys' fees, costs and disbursements.


**AS A BASIS FOR AFFIRMATIVE RELIEF AND
AS AND FOR A FOURTH CROSS CLAIM AGAINST
CO-DEFENDANTS, ANSWERING DEFENDANT
ALLEGES:**

40.    That pursuant to contracts and/or agreements heretofore alleged, the co-defendants undertook certain duties and obligations in connection with this lawsuit.

41.    That the said co-defendant undertook and agreed to hold harmless, indemnify and defend the answering defendant in connection with injuries and accidents arising out of or in the course of its work pursuant to its aforesaid agreement.

42.     That if the plaintiff sustained injuries and damages as alleged in the Complaint they were sustained within the provisions of the aforesaid contracts and/or agreements and/or the terms and conditions emanating therefrom, including warranties contained therein and/or implied therefrom by operation of law, or otherwise.

43.     That by virtue of the foregoing the said co-defendants are obligated to indemnify the answering defendant in the event of any liability against the answering defendant in favor of the plaintiff n this matter.

44.     That by virtue of the foregoing the co-defendants are obligated to defend and to undertake the defense of the answering defendant.

45.     That if the plaintiff was caused to sustain any injuries as set forth in her Complaint due to any carelessness, recklessness and/or negligence other than her own, including any culpable conduct on her part, said injuries and damages were caused by breach of and/or in furtherance of and as a result of the activities undertaken by the said co-defendant pursuant to the aforesaid contracts and/or agreements and/or the terms and conditions emanating therefrom including breach of warranties, stated and/or implied by operation of law or otherwise by the said co-defendant, their agents, servants and/or employees.

46.     That the co-defendants will be primarily responsible for the injuries and damages allegedly sustained by the plaintiff herein.

47.     That by reason of the foregoing the co-defendants will be liable to this defendant in the event and in the full amount of any recovery herein by the against the answering defendant and it is bound to pay any and all attorney's fees, disbursements, costs of investigation and costs of defense of this action.

48.   That by reason of the foregoing, the answering defendant is entitled to judgment over and against the co-defendanst for the full amount of any recovery herein by the plaintiff against the answering defendant for the injuries and damages sustained by the plaintiff.

WHEREFORE, answering defendant demands judgment dismissing the Complaint as to the defendant, with costs and further demands that the ultimate rights of the answering defendant and co-defendants, as between themselves, be determined in this action, and that answering defendant has judgment over and against co-defendants for all or a part of any verdict or judgment which may be obtained by the plaintiff against answering defendant, together with the costs, interest and disbursements of this action.

Dated: New York, New York
October 12, 2017

Yours etc.,

MORRIS DUFFY ALONSO & FALEY

By:_____
CHRISTOPHER R. INVIDIATA
Attorney for Defendants
Concert Service Specialists, Inc
*d/b/a* CSS SECURITY, INC.
Office and Post Office Address
Two Rector Street, 22nd Floor
New York, New York 10006
T: (212) 766-1888
F: (212) 766-3252
Our File No.: (SD) 67594

TO:   LAW OFFICE OF PIEKARKSY & ASSOCIATES LLC,
Attorney for Plaintiff
ANGEL SANTIAGO
191 Goodwin Avenue
Wyckoff, New Jersey 07481
T: (201) 560-5000

F: (201) 560 -1440
Attn: Mark Faro, Esq., mfaro@pielaw.com
Attn: Scott B. Piekarsky, spiekarsky@pielaw.com

EUSTACE AND MARQUEZ
Attorneys for Defendant
BETHEL WOODS CENTER FOR THE ARTS
The Parker Corporate Center
White Plains, NY 10605
914-989-6671
Fax: 914-989-6638
Attn: John Marquez, Esq., JMarquez@eustacelaw.com

HAVKINS ROSENFELD RITZERT & VARRIALE, LLP
Attorneys for Defendant
ID&T/SFX MYSTERYLAND LLC
1065 Avenue of the Americas, 8th Floor
New York, NY 10018
(212)-488-1598
Fax: (212)-564-0203
Attn: Michelle L Bochner, michelle.bochner@hrrvlaw.com
Attn: Steven Howard Rosenfeld, steven.rosenfeld@hrrvlaw.com

LITCHFIELD CAVO LLP
Attorneys for Defendant
CONTEMPORARY SERVICES CORP.
420 Lexington Ave., Suite 2104
New York, New York 10170
T: (212) 792-9772
F: (212) 434-0105
Attn: Brian Gitnik, gitnik@litchfieldcavo.com

KOWALKSKI & DEVITO
Attorneys for Defendant
GREEN MTN. CONCERT SERVICES, INC.
i/s/h/a GREEN MOUNTAIN CONCERT SERVICES, INC.
12 Metrotech Center, 28th Floor
Brooklyn, New York 11201-3837
(718) 250-1100
File No. NYNY-32842
Attn: William A. Prinsell, william.prinsell@chartisinsurance.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANGEL SANTIAGO,

                                  Plaintiff,              Docket No.:   1:17-cv-00101-PAE

                                                  **DEMAND FOR A VERIFIED**
           -against-                                **BILL OF PARTICULARS**

ID&T/SFX MYSTERYLAND LLC, BETHEL WOODS
CENTER FOR THE ARTS, D & E PARTNERS, INC.,
S&B GROUP ENTERPRISES, LLC, CHRISTIE LITES
LLC, CONTEMPORARY SERVICES CORPORATION,
CSS SECURITY, INC., GREEN MOUNTAIN CONCERT
SERVICES, INC., STRIKE FORCE PROTECTIVE
SERVICES, INC., VENUE SMART, KEL EXECUTIVE
SERVICES, ABC CORPS.1-100 (Fictitious entities),
& John Does1-100(Fictitious Names),

                                  Defendants.
-----------------------------------------------------------------------X
COUNSELORS:

       **PLEASE TAKE NOTICE,** that pursuant to Section 3041, Rules 3042 and 3043 and Section 3044 of the Civil Practice Law and Rules, you are hereby required to serve a verified Bill of Particulars upon the undersigned within twenty (20) days after the receipt of this Demand.

       In the event of your failure to comply with this Demand for a verified Bill of Particulars within that time, a motion will be made for an Order precluding you from offering any evidence on the causes of action alleged in the Complaint concerning the following items as they concern the answering defendant(s):

       1.      The date and approximate time of day of the occurrence alleged in the complaint.

       2.      The location of the occurrence alleged in the complaint including distances from identifiable points of reference, with sufficient detail to permit accurate identification.

       3.      The specific acts or omissions constituting the alleged negligence of the defendant.

       4.      If a defective and/or dangerous condition is alleged, set forth in detail the nature, manner and location of the particular condition that was responsible, wholly or partially, for the occurrence alleged in the complaint.

5.    If a dangerous activity is alleged, set forth in detail the nature, manner and location of the particular activity that was responsible, wholly or partially, for the occurrence alleged in the complaint.

6.    State whether actual notice is claimed.

7.    State whether constructive notice is claimed.

8.    If constructive notice is claimed, then set forth a statement of facts which allegedly constitute such notice, including, without limitation, the name(s) of the person(s) which allegedly have received such notice and the period of time (in minutes, hours, days, etc.) that the alleged condition and/or activity existed.

9.    If it is claimed that notice of the alleged condition and/or activity was given to defendants, then state the following:

(a)    Whether the alleged notice was in writing or by oral communication;

(b)    The date and place of the notice;

(c)    The name(s) and address(es) of the recipient(s) and the deliverer(s) of the notice;

(d)    The name(s) and address(es) of each person present at and for the notice;

(e)    The substance of each such notice.

10.    State whether it is claimed that defendants (or any other defendant, if applicable) or its agent(s), servant(s) and/or employee(s), caused or created the alleged condition and/or activity.

11.    If it is claimed that defendants (or any other defendant, if applicable) or its agent(s), servant(s) and/or employee(s), caused or created the alleged condition and/or activity, state the name(s) of the person(s) who caused or created the alleged condition and/or activity and state the date(s) and time(s) when the alleged condition and/or activity was caused or created.

12.    If a foreign substance is involved in the occurrence alleged in the complaint, describe the foreign substance with as much sufficient detail as possible so as to permit accurate identification thereof.

13.    Set forth a statement of the alleged injuries claimed to have been sustained as a result of the occurrence alleged in the complaint, including the approximate date of the onset of the symptoms of each of the injuries claimed.

14.     Set forth a statement of the injuries claimed to be permanent as a result of the occurrence alleged in the complaint.

15.     Set forth in length of time, including dates, that the plaintiff has been and/or will be totally disabled and/or partially disabled as a result of the occurrence alleged in the complaint.

16.     State specifically whether or not plaintiff sustained a significant disfigurement as a result of the occurrence alleged in the complaint.  If so, state the nature and location of that disfigurement.

17.     State whether or not plaintiff sustained a fracture as a result of the occurrence alleged in the complaint.  If so, state the type and location of said fracture.

18.     State whether or not plaintiff sustained a permanent consequential limitation of a body function or system as a result of the occurrence alleged in the complaint.  If so, state the permanent consequential limitation and the body function or system involved.

19.     State the length of the time that plaintiff was confined to the following as a result of the occurrence alleged in the complaint, with dates of confinement:

    a.      bed;

    b.      home.

20.     State the length of time that plaintiff was confined to a hospital or other health care facility as a result of the occurrence alleged in the complaint, with the name(s) and address(es) of each such hospital or facility.

21.     Set forth the length of time and the date(s) that plaintiff was incapacitated from employment (if applicable) as a result of the occurrence alleged in the complaint.

22.     State the name(s) and address(es) of the employer(s) concerning the employment referred to in response to the item enumerated as 21 above, together with a description of said employment, including, without limitation, the amount of weekly and yearly wages, gross and net, received by the plaintiff at the time of the occurrence.  If self-employed, state plaintiff's income for each of the three (3) years preceding and up to the occurrence alleged in the complaint and one (1) year subsequent to the occurrence alleged in the complaint.

23.     Set forth the total amount which plaintiff claims to have sustained and/or the total amount plaintiff claims will be sustained in lost earnings/wages as a result of the occurrence alleged in the complaint.

24.     Set forth by Chapter, Article, Section and Paragraph each statute, ordinance, rule or regulation, if any, which it is claimed defendants violated with reference to the occurrence alleged in the complaint.

25.     Set forth the plaintiff's residence and post office address(es), now and at the time of the occurrence alleged in the complaint.

26.     Set forth the plaintiff's date of birth.

27.     Set forth the plaintiff's social security number.

28.     With respect to medical care and treatment rendered to the plaintiff (if any) following the subject occurrence, set forth the following:

(a)     Name(s) and address(es) of any hospital(s) rendering medical care and treatment and the date(s) of said care and treatment;

(b)     Name(s) and address(es) of any doctor(s)/physician(s) rendering medical care and treatment as well as the date(s) and place(s) of each said care and/or treatment by, or visit to, such doctor(s)/physician(s);

(c)     Name(s) and address(es) of any physical and/or mental therapist(s) rendering treatment, care or examination and the name(s) and address(es) of such therapist(s), as well as the date(s) and place(s) of each said treatment, care and/or examination by, or visit to, said therapist(s).  Please also indicate the said therapist's area of expertise.

29.     Set forth the total amount claimed as special damages for the following, and in each instance set forth the date(s) that care is alleged to have been rendered and the name(s) and address(es) of the provider(s):

(a)     Physicians' services;

(b)     Medical supplies;

(c)     X-rays;

(d)     Hospital expenses;

(e)     Nurses' services, together with the name(s) and address(es) to whom paid;

(f)     All other expenses, damages and injuries which will be claimed by plaintiff(s), including but not limited to, household help expenses, together with the name(s) and address(es) of the recipient(s) thereof.

30.     Set forth each occurrence prior to the occurrence alleged in the complaint, in which the plaintiff sustained an injury to any bodily portion alleged to have been injured during the occurrence alleged in the complaint, whether or not medical care was obtained.  If medical care was obtained, set forth the name(s) and address(es) of each and every health care facility/physician/therapist who treated or examined plaintiff for such prior injury.

31.     State whether the occurrence alleged in the complaint was reported to defendants or anyone on the said defendant's behalf.

    (a)    If the occurrence was reported, state the date(s), time(s) and place(s) the occurrence was reported and the name(s) of the person(s) on behalf of said defendant to whom it was reported.

    (b)    State whether the said report was in writing or verbal each time it was reported to the said defendant.

32.    If the occurrence alleged in the complaint is claimed to have happened as a result of plaintiff's slip, trip or fall in, or on upon a stoop, a step, steps, a stairway, a ramp, a hallway, a landing, a room, debris, liquid or any substance, set forth, where applicable, as follows:

    (a)    The location of the stoop or stairway stating, without limitation, between what floors, the stoop or stairway is situated, counting the ground floor as the first floor;

    (b)    The particular step on which the plaintiff slipped, tripped or fell, counting from the bottom or top of the stairway;

    (c)    The location of the hallway stating, without limitation, on what floor situated, counting the ground floor as the first floor;

    (d)    The location in the hallway where the occurrence alleged in the complaint occurred;

    (e)    The location of the ramp, landing, room, debris, liquid or substance;

    (f)    A description of the ramp, landing, room, debris, liquid or substance.

33.    If the occurrence alleged in the complaint is claimed to have happened due to carelessness and/or negligence in the construction, maintenance or repair of certain premises, then set forth in detail:

    (a)    The manner in which such construction or maintenance was careless and/or negligent;

    (b)    Identify the specific location within the premises at which the construction or maintenance was careless or negligent;

    (c)    The specific carelessness or negligence in connection with the construction or maintenance which it is alleged existed;

    (d)    Whether defendants were advised anytime prior to the occurrence (alleged in the complaint) by the plaintiff(s) or any person(s) on behalf of or known to plaintiff(s) that said construction or maintenance was careless or negligent, stating the person(s) on behalf of said defendant who was/were so informed, the person(s) so informing said defendant and time(s) and date(s) of said informing.

34.    If the occurrence alleged in the complaint is claimed to have happened due to an improper or inadequate lighting condition, then set forth in detail:

    (a)    The manner in which said lighting condition was improper and/or inadequate;

    (b)     Identify the specific location within the premises where the lighting condition was inadequate or improper;

    (c)     The manner in which defendants were negligent and/or careless with regard to the lighting condition;

    (d)     Whether defendants were advised at any time prior to the occurrence (alleged in the complaint) by the plaintiff or any person(s) on behalf of or known to plaintiff that said lighting condition was improper or inadequate, stating the person(s) on behalf of said defendant who was/were so informed, the person(s) so informing said defendant and the time(s) and date(s) of said informing.

35.     If the complaint alleges loss of services, society, companionship and/or consortium, set forth the nature, extent and duration thereof.

36.     If the complaint alleges loss of services, then, with regard to any spouse who is a party to this action, set forth each plaintiffs' marital status now and at the time of the occurrence alleged in the complaint.  If the plaintiff was/were married at the time of the occurrence and/or up to the present, state the date(s) and place(s) of marriage.

37.     State the full caption of each and every lawsuit brought on plaintiff's behalf to recover damages for any connected or aggravated injuries allegedly caused and sustained by reason of the acts of one or more preceding, joint, concurrent and/or succeeding tortfeasors, including:

    (a)     court;

    (b)     index number:

    (c)     calendar number;

    (d)     names and addresses of all litigants;

    (e)     names and addresses of all attorneys appearing for litigants;

    (f)     status of lawsuit.

38.     State separately the total amounts or economic lose claimed by plaintiff as special damages for each of the following:

    I.    (a)    Physicians' services,
         (b)    Nurses' services,
         (c)    Medical supplies,
         (d)    Hospital expenses,
         (e)    Loss of earnings and

(f)    Other (describe).

Pursuant to Article 50-A or 50-B, CPLR,

II.    Itemize which of the special damages or economic loss represent past damages and in what amount:
    (a)    Physicians' services,
    (b)    Nurses' services,
    (c)    Medical supplies,
    (d)    Hospital expenses,
    (e)    Loss of earnings, and
    (f)    Other (describe).

III.    Itemize which of the special damages or economic loss represent future damages and in what amount:
    (a)    Physicians' services,
    (b)    Nurses' services,
    (c)    Medical supplies,
    (d)    Hospital expenses,
    (e)    Prospective lost earnings, and
    (f)    All other expenses (describe).

IV.    Over what period of time does plaintiff claim each item of future expenses or losses shall occur:

**SPECIAL DAMAGE**                    **PERIOD OF TIME**

(a)    Physicians' services,
(b)    Nurses' services,
(c)    Medical supplies,
(d)    Hospital expenses,
(e)    Physicians' services, and
(f)    Other (describe).

39.    The date of birth of plaintiff.

40.    The residence address of plaintiff.

41.    The Social Security number of plaintiff.

42.    If the plaintiff is an infant, state the following:

(a)    The name and address of any school infant plaintiff attended at the time of this occurrence;

(b)    The date or dates each infant plaintiff was absent from school as the result of the alleged injuries sustained in this occurrence.

43.     If it will be claimed that the limitations on liability set forth in CPLR Article 16 do not apply, state specifically each and every exception to Article 16 set forth in CPLR Section 1602 which applies to the cause or causes of action herein and the basis for invoking such exemptions.

Dated: New York, New York
       October 12, 2017

                              Yours etc.,

                              MORRIS DUFFY ALONSO & FALEY

                              By:_____
                                   CHRISTOPHER R. INVIDIATA
                                   Attorney for Defendants
                                   Concert Service Specialists, Inc
                                   d/b/a CSS SECURITY, INC.
                                   Office and Post Office Address
                                   Two Rector Street, 22nd Floor
                                   New York, New York 10006
                                   T: (212) 766-1888
                                   F: (212) 766-3252
                                   Our File No.: (SD) 67594

TO:   LAW OFFICE OF PIEKARKSY & ASSOCIATES LLC,
      Attorney for Plaintiff
      ANGEL SANTIAGO
      191 Goodwin Avenue
      Wyckoff, New Jersey 07481
      T: (201) 560-5000
      F: (201) 560 -1440
      Attn: Mark Faro, Esq., mfaro@pielaw.com
      Attn: Scott B. Piekarsky, spiekarsky@pielaw.com

      EUSTACE AND MARQUEZ
      Attorneys for Defendant
      BETHEL WOODS CENTER FOR THE ARTS
      The Parker Corporate Center
      White Plains, NY 10605
      914-989-6671
      Fax: 914-989-6638
      Attn: John Marquez, Esq., JMarquez@eustacelaw.com

      HAVKINS ROSENFELD RITZERT & VARRIALE, LLP

Attorneys for Defendant
ID&T/SFX MYSTERYLAND LLC
1065 Avenue of the Americas, 8th Floor
New York, NY 10018
(212)-488-1598
Fax: (212)-564-0203
Attn: Michelle L Bochner, michelle.bochner@hrrvlaw.com
Attn: Steven Howard Rosenfeld, steven.rosenfeld@hrrvlaw.com

LITCHFIELD CAVO LLP
Attorneys for Defendant
CONTEMPORARY SERVICES CORP.
420 Lexington Ave., Suite 2104
New York, New York 10170
T: (212) 792-9772
F: (212) 434-0105
Attn: Brian Gitnik, gitnik@litchfieldcavo.com

KOWALKSKI & DEVITO
Attorneys for Defendant
GREEN MTN. CONCERT SERVICES, INC.
i/s/h/a GREEN MOUNTAIN CONCERT SERVICES, INC.
12 Metrotech Center, 28th Floor
Brooklyn, New York 11201-3837
(718) 250-1100
File No. NYNY-32842
Attn: William A. Prinsell, william.prinsell@chartisinsurance.com

## ATTORNEY VERIFICATION

CHRISTOPHER R. INVIDIATA, an attorney admitted to practice in the courts of New York State.

That I am an associate/partner of the firm of MORRIS DUFFY ALONSO & FALEY, the attorneys of record for defendant. I have read the foregoing ANSWER and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the defendant is that the defendant does not maintain an office within New York County.

The grounds of my belief as to all matters not stated upon my own knowledge are based on a review of the contents of the file maintained by this office.

Dated: New York, New York
      October 12, 2017

CHRISTOPHER R. INVIDIATA

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing ANSWER WITH CROSSCLAIM AND BILL OF PARTICULARS was served via U.S. Mail upon all parties to this action or their counsel on the 12th day of October 2017.

Dated: October 12, 2017

Yours etc.,

MORRIS DUFFY ALONSO & FALEY

By:_____

CHRISTOPHER R. INVIDIATA
Attorney for Defendants
Concert Service Specialists, Inc
*d/b/a* CSS SECURITY, INC.
Office and Post Office Address
Two Rector Street, 22nd Floor
New York, New York 10006
T: (212) 766-1888
F: (212) 766-3252
Our File No.: (SD) 67594

INDEX NO. -      YEAR -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL SANTIAGO,

                         Plaintiff,           Docket No.:   1:17-cv-00101-PAE

        -against-

ID&T/SFX MYSTERYLAND LLC, BETHEL WOODS
CENTER FOR THE ARTS, D & E PARTNERS, INC.,
S&B GROUP ENTERPRISES, LLC, CHRISTIE LITES
LLC, CONTEMPORARY SERVICES CORPORATION,
CSS SECURITY, INC., GREEN MOUNTAIN CONCERT
SERVICES, INC., STRIKE FORCE PROTECTIVE
SERVICES, INC., VENUE SMART, KEL EXECUTIVE
SERVICES, ABC CORPS.1-100 (Fictitious entities),
& John Does1-100(Fictitious Names),

                         Defendants.

---

## VERIFIED ANSWER WITH CROSS-CLAIMS
## AND DEMAND FOR VERIFIED BILL OF PARTICULARS

---

**MORRIS DUFFY ALONSO  &  FALEY**
Attorneys for Defendant
Two Rector Street - 22nd Floor
New York, New York 10006
(212) 766-1888