

**MORRIS DUFFY ALONSO & FALEY**

Two Rector Street
22ND Floor
New York, New York 10006
(212) 766-1888
Fax (212) 766-3252
WWW.MDAFNY.COM

February 22, 2018

**VIA ECF**
Hon. Sarah Netburn, U.S.M.J.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

     RE: ***SANTIAGO v. ID&T/SFX MYSTERYLAND LLC., ET AL.***
        Docket Number: 1:17-cv-00101-PAE
        Date of Loss: May 24, 2015
        Our File No.: (SD) 67594

Dear Judge Netburn:

  We are counsel for defendant Concert Service Specialists, Inc *s/h/a* and *d/b/a* CSS SECURITY, INC. in this matter.

  An issue has arisen that I believe merits the Court's attention. On December 15, 2017, the parties to this action appeared before Your Honor for an Initial Pretrial Conference. At that time the court directed, among other things that 1) the plaintiff was to provide medical records and authorizations within two weeks thereof, and 2) the plaintiff was to respond to outstanding discovery demands within 30 days thereafter.

**Since the date of that conference, neither this office nor any of the co-defendants with whom I have conferred have received any authorizations or discovery responses from counsel for Mr. Santiago.**

  Your Honor directed that all factual discovery was to be completed by April 30, 2018. We are now nearly halfway through that period and have been prevented by the plaintiff's inaction from undergoing any substantial discovery at all.

  In an email chain between all parties on January 19, 2018, the plaintiff was apprised of the fact that no defendant had received authorizations, and counsel was asked to kindly provide them. Plaintiff never responded to those emails.

RE: **_SANTIAGO v. ID&T/SFX MYSTERYLAND LLC., ET AL._**
Docket Number: 1:17-cv-00101-PAE
Date of Loss: May 24, 2015
Our File No.: (SD) 67594
Page 2

    Counsel for Mr. Santiago has violated this Court's directives as to discovery, and we cannot reasonably take the deposition of the plaintiff or conduct medical examinations without obtaining copies of the plaintiff's medical records from the providers with whom he treated. Without Court intervention at this stage we are unable to proceed in this matter, to the great detriment of all of the defendants

    There are other discovery issues among the defendants that may have to be resolved as well, but I believe that I speak for all of us when I say that our primary impediment to progress at this stage is the failure of plaintiff's counsel to abide by this Court's directives.

    To that end, I respectfully request that this Court hold a conference with all parties so that we can have Your Honor's guidance as to how we should proceed.

    I thank you kindly for the consideration.

Best regards,

CHRISTOPHER R. INVIDIATA, ESQ.

CRI/cr