USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/19/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DET. BADGE #379 ANGEL SANTIAGO,

                             Plaintiff,

            -v-

ID&T/SFX MYSTERYLAND LLC, et al.,

                            Defendants.

-----------------------------------------------------------------X

17 Civ. 101 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is plaintiff Angel Santiago's motion to vacate this Court's March 27, 2018 order dismissing Santiago's claims against defendants D & E Partners, Inc. ("D & E"), Kel Executive Services ("Kel"), and S & B Group Enterprises, LLC ("S & B") and to restore the Third Amended Complaint ("TAC") as against those defendants. The Court hereby denies Santiago's motion.

**I.**    **Background**

On January 24, 2018, the Court entered an order directing the parties to show cause why Santiago had failed to serve D & E, Kel, and S & B within 90 days following its filing of the TAC on August 11, 2017. Dkt. 149.

On February 12, 2018, following a response from Santiago, Dkt. 153, the Court found that sufficient cause had not been shown for that failure to serve, Dkt. 155.

There after, on March 27, 2018, the Court dismissed the claims against D & E, Kel, and S & B without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

On April 12, 2018, Santiago filed a request to vacate the Court's March 27 order and to reinstate the TAC as against D & E, Kel, and S & B pursuant to Federal Rule of Civil Procedure

60(b)(1). The request was directed to Magistrate Judge Sarah Netburn. *See* Dkt. 173. However, given that the decision Santiago seeks to have vacated is this Court's own, this Court resolves Santiago's request itself.

## II. Applicable Legal Principles

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding." "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F .2d 58, 61 (2d Cir. 1986). Rule 60(b) relief may be granted upon a showing of "excusable neglect." Fed. R. Civ. P. 60(b)(1). However, "[m]otions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).

The determination of excusable neglect as "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Servs. Co. v. Brunswick Assoc., Ltd.*, 507 U.S. 380, 395 (1993). In ruling on such a motion, courts look to the following factors: "the danger of prejudice to [the nonmoving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 1498; *see also Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994); *United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993). "Where the order from which relief is sought is the result of '[c]ounsel's failure to read and obey an unambiguous court rule,' counsel's omission is not excusable neglect." *Amorosi v. Comp USA*, No. 01-CV-4242 KMK, 2005 WL 66605, at *3 (S.D.N.Y. Jan. 12, 2005) (*quoting Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997)). Santiago has also likened the instant

2

motion a decision to set aside a default judgment. *See* Dkt. 173-1 at 5 ("The matter is somewhat similar to a Defendant who fails to file an Answer and seeks to vacate the default."). "In ruling on a motion to set aside a default judgment under 60(b)(1)" courts also look to "the merits of the [defaulted party's] asserted [claim or] defense." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985); *see also United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

## III. Discussion

Santiago's motion falls far short of demonstrating "exceptional circumstances" sufficient to justify vacating the Court's order dismissing the claims at issue without prejudice. There was ample justification for that order. This litigation has been ongoing *since 2015*. Plaintiff has not yet served all parties. While Santiago claims that D & E, Kel, and S & B were not discovered as relevant parties until later in this litigation, he does not indicate precisely when they were discovered or demonstrate that he thereafter acted promptly to add them to this litigation.

Discovery is scheduled to close in late June. Were the Court to reinstate the claims against D & E, Kel, and S & B, this Court would be forced to put those parties—and the existing parties—on an extremely tight timeline. The new plaintiffs would be obligated to (1) respond to the TAC, (2) respond to the numerous counterclaims of their co-defendants, and (3) complete discovery by late June. The reinstatement of these claims would also likely expand the scope of discovery pursued by all parties, existing and new, imposing considerable dislocations and burdens. Alternatively, the Court could extend the timeline for discovery. But Judge Netburn has made clear to the parties that she is not inclined to do so, and for good reason. Such an extension would further delay justice in this long running slip-and-fall litigation. It would inconvenience not only the Court but also the served defendants (of which there are many) in the

3

case. The interests of all parties in moving this case forward counsel strongly in favor of denying plaintiff's motion, which, if granted, would effectively re-start this litigation at this very late date.

To be sure, Santiago has an interest in having his claims proceed in a single lawsuit. (To the extent the statute of limitations permits—and Santiago argues in his motion that it has not yet expired—he may still bring his claims against D & E, Kel, and S & B in a new action, as the Court's earlier dismissal was without prejudice.) But Santiago, by so long deferring service of these entities, has not acted in a manner suggesting that including these parties in this litigation was important, let alone weighty enough to overcome the interests in bringing the existing lawsuit to completion.

Furthermore, on the face of the five-page TAC, it is far from clear that Santiago's claims against D & E, Kel, and S & B would even survive a motion to dismiss. As alleged, Santiago attended the Mysteryland Music Festival on May 24, 2015 at the Bethel Woods music site in Bethel, NY. At the end of the event, Santiago walked in the dark back to his car over wet, tall grass. He slipped and fell and dislocated his ankle, injuring his tendons. That is the basis of the claim in this case.

As to D & E and S & B, they, according to the TAC, were the owners of separate properties near the Bethel Woods site. But the TAC does not allege where Santiago believes he slipped and fell—on D & E's property, on S & B's, or on someone else's. It is elusive on this point. Surely, his one slip and fall did not occur on all these properties. Also problematic, the TAC claims that Santiago was a business invitee of D & E and S & B. But it alleges no facts in support of that conclusion.

4

As to, Kel, it, as alleged, was one of several security vendors hired for the music festival at issue in this case. The TAC, however, does not allege facts suggesting that any security vendor, let alone Kel, had responsibility over safe patron access to the parking lot. The TAC is silent as to Kel's role and responsibilities relevant to the alleged slip and fall. On the basis of the TAC, Kel's could equally have had responsibility over the security of the talent hired to perform at the event or security inside the venue itself, as opposed to responsibility over the safety of the conditions on route to patron parking. Were motions to dismiss Santiago's shaky pleadings filed by D & E, S & B, and Kel, this litigation would only be protracted further.

Finally, Santiago's excuses for his extended failure to serve are underwhelming. Santiago notes that this case was stayed pending a defendant's bankruptcy and was transferred from the District of New Jersey. He also asserts that he did not know that D & E, Kel, and S & B were relevant parties until discovery was underway (although he provides no indication of when he discovered those three parties, other than not in the "early course" of the litigation). Santiago has also asserted, in his previous letter, that his process server tried (what appears to be only once each) to serve D & E, Kel, and S & B and failed. *See* Dkt. 152.

Even giving due consideration to these explanations, they do not outweigh the countervailing interests. They do not persuade the Court to exercise its discretion and reinstate the dismissed parties. Significantly, it was not Santiago who alerted the Court to his failure to serve D & E, Kel, and S & B. Instead, Judge Netburn brought that failure to *Santiago*'s attention. Santiago's demonstrated inattention to this aspect of this case belies his claim now that he acted with excusable neglect as to these defendants. The Federal Rules of Civil Procedure give plaintiffs a clear, long, and unambiguous window in which to serve defendants. Santiago, knowing full well that this litigation had been ongoing for years, failed to abide by that

5

window in attempting to bring these new parties into this litigation. A single failed attempt to serve each of these parties within a 90-day period—which certainly provides time for a plaintiff to attempt service on more than one address—is not the type of neglect this Court will excuse given of the interests of the parties' at stake and the lack of progress in this litigation.

The Court therefore denies Santiago's motion to vacate the order dismissing his claims against D & E, Kel, and S & B. That dismissal stands. This lawsuit will and must now move forward with respect to Santiago's claims against the served defendants. Santiago remains at liberty to pursue claims against D & E, Kel, and S & B in a separate lawsuit.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 19, 2018
       New York, New York